# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Damion Jermel Gathers, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal Action No.: 2:08-919-PMD |
| v. ) | |
| ) | |
| United States of America. ) | **ORDER** |
| _____ ) | |

This matter is before the court on Petitioner Damion Jermel Gathers' ("Petitioner") motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, which is based upon allegations that his attorney provided ineffective assistance at his sentencing. Petitioner is serving a 180-month sentence after pleading guilty to possessing a firearm as a convicted felon, and he now alleges that his attorney provided ineffective assistance by failing to challenge the court's use of a prior failure to stop for a blue light conviction, as well as five prior convictions for distribution of crack cocaine, to impose an enhanced sentence under the Armed Career Criminal Act. The Government's motion for summary judgment is before the court.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115,

119 (4th Cir. 1991). The court remains mindful that Petitioner appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS OF PETITIONER'S CLAIMS

To establish ineffective assistance of counsel, Petitioner must show that his counsel's performance was both objectively unreasonable and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *United States v. Tucker*, 603 F.3d 262–63 (4th Cir. 2010). He can satisfy the first prong by demonstrating that his counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." *Strickland*, 466 U.S. at 688. He can satisfy the second prong by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

First, Petitioner claims his trial counsel offered ineffective assistance by failing to challenge the court's use of his five prior convictions for distribution of crack cocaine to enhance his sentence pursuant to the Armed Career Criminal Act, which requires the court to find that a defendant "has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another" before enhancing the defendant's sentence for a violation of 18 U.S.C. § 922(g) under the Act. 18 U.S.C. § 924(e)(1). With respect to these five prior convictions, Petitioner's Presentence Investigation Report revealed that his five convictions for distribution of crack cocaine arose from five separate offenses that occurred between January 9 to January 11, 1996.

2

More specifically, Petitioner was convicted of selling crack cocaine to a confidential informant on one occasion on January 9, 1996; on two occasions on January 10, 1996; and on two occasions on January 11, 1996. Because the state court consolidated these five convictions for sentencing purposes, and there was not an intervening arrest between the five offenses, Petitioner believes his counsel should have made sure that the court only counted them as one prior conviction for purposes of determining whether or not he was subject to an enhanced sentence under the Armed Career Criminal Act. To support his argument, Petitioner cites to §§ 4A1.1(f) and 4A1.2 of the United States Sentencing Guidelines Manual. Section 4A1.2(a)(2) reads:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

In response, the Government argues that the sections of the Sentencing Guidelines Manual cited to by Petitioner deal with calculating a defendant's criminal history category, which is very different from the rules used in determining whether or not the defendant should be sentenced pursuant to the Armed Career Criminal Act under 18 U.S.C. § 924(e) and § 4B1.4 of the Sentencing Guidelines Manual. The court agrees. *See United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998) (noting the difference between the analysis used to determine whether prior offenses were "related" as part of a "common scheme or plan" for purposes of applying the career-offender provision of the Sentencing Guidelines in §§ 4B1.1 and 4A1.1 and the analysis for determining whether prior offenses were

3

committed "on occasions different from one another" for purposes of the Armed Career Criminal Act).

The Government further contends that the court correctly counted each of Petitioner's five prior convictions for distribution of crack cocaine as a predicate serious drug offense for purposes of sentencing Petitioner pursuant to the Armed Career Criminal Act, and to support its argument, it cites to the Fourth Circuit's opinion in *United States v. Letterlough*, in which the court stated that "[o]ccasions" are "those predicate offenses that can be isolated with a beginning and an end—ones that constitute an occurrence unto themselves." 63 F.3d 332, 335 (4th Cir. 1995). In *Letterlough*, the defendant had two prior convictions for selling crack cocaine to an undercover officer twice on the same day. The first sale was made at 8:35 p.m. and the second, to the same undercover officer, was made at 10:15 p.m. *Id.* at 334. The Fourth Circuit held that offenses occur on occasions different from one another if they arise out of "separate and distinct criminal episode[s]." *Id.* at 335 (internal quotation marks and citation omitted). The court further held that Letterlough's two sales were not part of a single criminal episode. Instead, each sale "was a complete and final transaction, and therefore, an independent offense," because "[t]he time separating the offenses was ample to give Letterlough the opportunity to make a conscious and knowing decision to engage in another drug sale." *Id.* at 337. Thus, the offenses were separate even if they both occurred "pursuant to a master plan to sell crack cocaine as a business venture." *Id.*

Viewed in light of *Letterlough*, it is clear that Petitioner's five drug sales within three days were offenses that were committed on different occasions. Therefore, Petitioner had five prior convictions for a serious drug offense, which made him eligible for an enhanced sentence under the Armed Career Criminal Act, and his counsel was not ineffective for not arguing otherwise. Because

4

Petitioner had the requisite number of predicate offenses to obtain an enhanced sentence under the Armed Career Criminal Act based on his distribution convictions alone, the court does not address his second argument that his trial counsel was ineffective for failing to challenge the court's use of his prior conviction for failure to stop for a blue light in determining that he was an Armed Career Criminal, as Petitioner cannot show he was prejudiced by his counsel's conduct, assuming it was objectively unreasonable.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the Government's motion for summary judgment is **GRANTED** and that Petitioner's petition is hereby **DISMISSED**. It is further **ORDERED** that a certificate of appealabiltiy is **DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 16, 2010**
**Charleston, SC**